## 18235.  TAUNTON v. TAYLOR.

1. The amendment to the motion for a new trial appears to have been approved by the trial judge, and to have been served upon counsel for the plaintiff and filed by the clerk. It does not appear from the record that any question as to the sufficiency of the approval and filing of the amendment was raised before the trial judge. Accordingly, no question as to these matters can be entertained by this court. Ga. L. 1911, p. 149 (Park's Code (1914), § 6090(a); *Citizens Bank* v. *Todd*, 151 *Ga.* 475 (107 S. E. 486); *Collins* v. *State*, 12 *Ga. App.* 635, 636 (77 S. E. 1079); *Johnson* v. *Redwine*, 21 *Ga. App.* 811 (95 S. E. 315).

2. The court properly excluded as irrelevant and immaterial the testimony offered by the defendant to show that the deceased at the time of his death was indebted to the defendant.

3. The evidence sought to be adduced on cross-examination by questions propounded to the plaintiff as to the disposition made of the funds paid by her into the business of her deceased husband was relevant as supporting the theory and contentions of the defendant, and should not have been excluded.

(a) The evidence offered by the defendant for the purpose of showing his authority in carrying on the business of the decedent, and his testimony offered for the purpose of showing its status with regard to its indebtedness, was relevant as throwing light upon the reasonableness of his contention with respect to his acts and conduct in discharging the indebtedness of the decedent's business; and the assignments of error as to the exclusion of such evidence sufficiently show wherein the rulings complained of were harmful to the defendant.

4 An administrator has no authority to bind the estate for borrowed money (*O'Kelley* v. *McGinnis*, 141 *Ga.* 379, 81 S. E. 197; *Putney* v. *Bryan*, 142 *Ga.* 118, 82 S. E. 519), and is individually liable on such an unauthorized obligation. *Walton* v. *Reid*, 148 *Ga.* 176 (96 S. E. 214). Thus it would be immaterial, so far as the liability of the defendant is concerned, whether he individually borrowed the money, as the plaintiff contends, or whether he sought to charge the estate of his intestate therefor. In either such event he would be personally liable. The issue of fact, however, lies in whether the moneys sued for were loaned at all, or whether the plaintiff did, as the defendant contends, voluntarily turn them over as a gift for the purpose of liquidating the indebtedness of her deceased husband. This she had a legal right to do. The evidence being in conflict upon the material issue as to whether the money was paid over as a loan or as a gift, this issue should have been submitted to the jury.

DECIDED JANUARY 16, 1928.  REHEARING DENIED FEBRUARY 18, 1928.

Complaint; from Randolph superior court—Judge Yeomans. May 12, 1927.

Appeal and Error, 3 C. J. p. 874, n. 59 New.
Evidence, 22 C. J. p. 158, n. 53; p. 159, n. 54; p. 167, n. 2. .
Executors and Administrators, 24 C. J. p. 69, n. 44.
Trial, 38 Cyc. p. 1537, n. 45.
Witnesses, 40 Cyc. p. 2500, n. 93.

*C. W. Worrill, A. L. Miller, M. C. Edwards,* for plaintiff in error.

*H. A. Wilkinson, Linton B. West,* contra.

JENKINS, P. J.   In a suit for money had and received, the defendant, a brother of the plaintiff, testified that he, as administrator of the estate of the plaintiff's deceased husband, continued the operation of the decedent's store business, and that the moneys sued for were turned over by the plaintiff as voluntary gifts, in the form of checks made payable to the store business, for the purpose of liquidating the indebtedness owing by the business of her deceased husband.   He offered in evidence an order of the ordinary, as well as an agreement signed by the heirs of the decedent, authorizing him to carry on the business of the decedent.   This documentary evidence was excluded by the court, as was also testimony by which the defendant sought to show, in support of his contention, that the business of plaintiff's deceased husband was insolvent, and that he had personally received no portion of the moneys paid in by the plaintiff for the purposes indicated.   The court also excluded testimony going to show that the plaintiff's deceased husband was indebted to the defendant at the time he became deceased.   The defendant also undertook to show by the plaintiff herself that the moneys were used to liquidate the indebtedness of the decedent, but was not permitted by the court to do so, on the ground that such evidence would be immaterial and irrelevant.   The plaintiff denied that the funds supplied by her to the business of her deceased husband were intended or understood to constitute a gift for the purpose of liquidating the decedent's liabilities, and testified that the moneys were loaned directly by her to her brother, who agreed to pay eight per cent. interest thereon.   The court directed a verdict for the plaintiff in the sum of $5782.98, besides interest, this being the amount advanced by her, less certain sums shown by the evidence to have been thereafter received by her from the business of the deceased husband.   The defendant moved for a new trial on the general grounds, on the ground that the direction of a verdict was illegal, and on the ground that the court erred in excluding the evidence referred to.   He excepts to the overruling of his motion for a new trial.   The contention is made by the defendant in error that the amendment to the motion for a new trial presents no question for

determination, for the reason that, although it appears to have been approved by the trial judge as true, it does not appear to have been allowed and ordered filed. It is further contended that even if the amendment could be considered, it does not contain a valid assignment of error as to the action of the court in excluding the evidence referred to.

Our rulings appear in the headnotes.

*Judgment reversed. Stephens and Bell, JJ., concur.*

### ON MOTION FOR REHEARING.

A motion for rehearing is made in this case, in which it is set forth that the evidence in the record shows that the money sued for was received by the defendant after the expiration of the calendar year in which the decedent died and in which the defendant qualified as administrator, and that the document signed by the heirs at law authorizing the continuance of the business was not legal, in that, though signed by the plaintiff for herself and by three adult children, it was signed for two of the children by the plaintiff as guardian. It is further contended that the ruling in the fourth division of the decision, to the effect that the plaintiff had a legal right to give money for the purpose of paying the debts of her deceased husband, is not correct, since it appears from the testimony in the case that a portion of the money employed did not belong to the plaintiff, but belonged to the minor children for whom she was guardian. This was a suit by Mrs. Taylor in her individual capacity, against the defendant Taunton in his individual capacity, for money alleged to have been loaned by the plaintiff to the defendant. The pleadings in no wise suggest that the money was owned otherwise than by the plaintiff, nor are the rights of any other person invoked. It would not seem, therefore, that the plaintiff could base a recovery in her own behalf on showing that the title to a portion of the funds paid over was in persons other than herself.

In respect to the rulings excluding the testimony referred to in paragraph 3 (a) of the decision, the only relevancy which this evidence could have lay in the fact that it might possibly, in the opinion of the jury, throw light upon the reasonableness or unreasonableness of the opposing contentions. The validity of the signed agreement authorizing the defendant as administrator to carry on the business of the decedent does not affect, as a matter of law,

the ability or inability of the defendant to borrow money for the estate, or the right of the plaintiff to give money for the purpose of paying her deceased husband's debts; but it was thought that inasmuch as the case would have to be submitted to the jury upon the sharply contested issue of fact, as to whether the money was loaned by the plaintiff or whether it was paid over as a gift for the purpose of liquidating her deceased husband's indebtedness, they should be permitted to determine that question in the light of all the facts and circumstances surrounding the transaction. It was only because this court believed that the jury, in resolving the one vital issue of fact, should have the benefit of any light which all the attendant facts and circumstances might possibly throw upon the question, that it was held that this evidence should be admitted along with the direct testimony upon the vital and disputed issue in the case.                    *Rehearing denied.*